13-2483
Sangpo v. Lynch

BIA
Nelson, IJ
A094 813 736

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fifteen.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

_____

LHAKPA SANGPO,
*Petitioner,*

v.                                            13-2483
                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*[*]

_____

--------

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

1

**FOR PETITIONER:**        Jason A. Nielson, Mungoven & Associates, New York, New York.

**FOR RESPONDENT:**     Stuart F. Delery, Assistant Attorney General; Leslie McKay, Assistant Director; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lhakpa Sangpo, a claimed native and citizen of the People's Republic of China, seeks review of a May 29, 2013, decision of the BIA affirming the June 20, 2012, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Lhakpa Sangpo, No. A094 813 736 (B.I.A. May 29, 2013), aff'g No. A094 813 736 (Immig. Ct. N.Y.C. June 20, 2012). Sangpo sought such relief based on political persecution in the form of incarceration and beatings because of his brother's role in the Tibetan freedom movement and his discussions of the Dalai Lama with clients while he was a tour guide. Under the circumstances of this case, we review the IJ's decision as

modified by the BIA, see Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005), applying well established standards of review, see 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the facts and procedural history of this case.

For asylum applications, like Sangpo's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." Xiu Xia Lin, 534 F.3d at 167.

The significant inconsistencies that the IJ identified in the record and the BIA affirmed include the following. In his

asylum application, Sangpo stated that his mother came to India in 2000 to take him back to Tibet but he testified that his father picked him up in India in 1999. Sangpo also stated in his asylum application that he was arrested in March 2003, and taken to the police station, where the police interrogated him. Three days later he was sentenced to a term of imprisonment in Drapchi prison. Sangpo testified, to the contrary, that when he was arrested, he was taken directly to Drapchi prison, and sentenced upon arrival. When confronted with the discrepancy, Sangpo first testified that the police station and the prison were "the same thing." Certified Administrative Record ("CAR") 123. He then stated that he spent a couple of hours at the police station, but was sent to the prison on the same day he was arrested. Finally, Sangpo submitted a copy of his Tibetan Freedom Movement Passport Book, which he testified was issued to him in Nepal within a month of his arrival there in 2005. However, the date of issue in the Passport Book is August 23, 2002.

Sangpo's inconsistent documentary and testimonial evidence regarding which parent took him from India to Tibet; the circumstances surrounding his arrest, sentencing, and imprisonment; and when he arrived in Nepal provide substantial evidence to support the agency's finding that he was not credible, particularly because the latter two discrepancies

4

relate directly to his claim of past harm, and call into question whether he was ever imprisoned. See Xiu Xia Lin, 534 F.3d at 166, 167. Furthermore, at his hearing, Sangpo was confronted with the inconsistencies and the agency reasonably found that he did not adequately explain them. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005). Accordingly, the agency's adverse credibility determination is supported by the totality of the circumstances. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 167.

Finally, because the only evidence of a threat to Sangpo's life or freedom depended upon his credibility, the adverse credibility finding necessarily precludes success on Sangpo's claims for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court